UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAQUITA YANCY-JOHNSON,

               Plaintiff,

         -against-

U.S. DEPARTMENT OF JUSTICE DRUG
ENFORCMENT ADMINISTRATION
ASSET FORFEITURE SECTION;
FORFEITURE COUNSEL; MELANIE
BRYSON,

              Defendants.

1:26-CV-3222 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Shaquita Yancy-Johnson, of Syracuse, New York, who appears *pro se*, invokes the court's federal question jurisdiction. It appears that she seeks the return of $4,000.00 in cash seized from her Syracuse home by agents of the United States Department of Justice's Drug Enforcement Agency ("DEA") when she and her husband were arrested by the DEA, in her Syracuse home, in December 2020. Plaintiff names the following as defendants: (1) the DEA's Asset Forfeiture Section; (2) "Forfeiture Counsel," who appears to be employed by the DEA; and (3) Melanie Bryson, who also appears to be employed by the DEA. The Court construes Plaintiff's complaint as asserting claims against the DEA under the Civil Asset Forfeiture Reform Act and claims against the DEA, the "Forfeiture Counsel," and Bryson[1] under the Administrative Procedure Act and 28 U.S.C. § 1361. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of New York.

---

    [1] The Court understands Plaintiff's claims against the "Forfeiture Counsel" and Bryson as brought against them in their official capacities as federal officials.

**DISCUSSION**

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1), which provides that, unless otherwise provided by law, any civil action brought against a federal agency or a federal official acting in his or her official capacity must be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and an "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not assert where the "Forfeiture Counsel" or Bryson reside. A federal agency, such as the DEA, however, resides where it is headquartered. *See New York v. Pruitt*, Nos. 1:18-CV-1030, 1:18-CV-1048 (JPO), 2018 WL 2411595, at *3 (S.D.N.Y. May 29, 2018) (citing, *inter alia*, *Reuben H. Donnelley Corp. v. FTC*, 580 F.2d 264, 267 (7th Cir. 1978)); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp 2d 454, 463-64 (S.D.N.Y. 2005) (Marrero, D.J.) (quoting *Reuben H. Donnelley Corp.*, 580 F.2d at 267). The DEA's headquarters are located in Springfield, Fairfax County, Virginia, *see Sweigert v.* DEA, No. 1:26-CV-1342 (LTS), 2026 WL 738742, at *1 (S.D.N.Y. Mar. 13, 2026), which lies within the Eastern District of Virginia, *see* 28 U.S.C. § 127(a). Thus, under Section 1391(e)(1)(A), the proper venue for Plaintiff's claims against the DEA is the United States District Court for the Eastern District of Virginia.

Plaintiff alleges that a significant portion, if not all, of the alleged events occurred in Syracuse, Onondaga County, New York (*see* ECF 1, at 3, 5-6), which lies within the Northern

District of New York, *see* 28 U.S.C. § 112(a), not in this judicial district.[2] Thus, under Section 1391(e)(1)(B), the United States District Court for the Northern District of New York, and not this court, is a proper venue for all of Plaintiff's claims against all of the defendants.

None of Plaintiff's claims appear to involve real property, and Plaintiff resides in Syracuse, Onondaga County, New York (*see* ECF 1, at 3), within the Northern District of New York, *see* § 112(a). Thus, under Section 1391(e)(1)(C), the United States District Court for the Northern District of New York is a proper venue for all of Plaintiff's claims against all of the defendants.

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff has alleged nothing to suggest that this court is a proper venue for her claims. While the United States District Court for the Eastern District of Virginia is a proper venue for some of her claims, the United States District Court for the Northern District of New York is a proper venue for all of her claims. Accordingly, in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

3

further without prepayment of fees is a determination to be made by the transferee court.

Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2026
   New York, New York

        /s/ Laura Taylor Swain
         LAURA TAYLOR SWAIN
       Chief United States District Judge

4